**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000616
27-JUN-2014
08:47 AM**

NO. CAAP-11-0000616

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THERESA A. KUAIMOKU, Claimant-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF EDUCATION-KAUAI,
Employer-Appellee, Self-Insured, and
STATE OF HAWAII, DEPARTMENT OF EDUCATION-MAUI,
Employer-Appellee, Self-Insured

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NOS. AB 2008-471(K); (4-85-02102), (7-87-06054))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

This case considers two Employee's Claim for Workers' Compensation Benefits forms ("WC-5 Forms") filed by Claimant-Appellant Theresa A. Kuaimoku ("Kuaimoku") on May 5, 2006, and the decisions rendered on those claims by the State Disability Compensation Division ("Division") and the State Labor and Industrial Relations Appeals Board ("Board"). The WC-5 Forms stated that Kuaimoku was reopening old claims relating to accidents that occurred on October 25, 1985, and March 6, 1987.[1]

---

[1] Kuaimoku's claims had been initially resolved via a Compromise and Settlement Agreement entered into with her employer, the State of Hawai'i, Department of Education ("Employer"), dated October 30, 1992 and approved by the Board on December 18, 1992. On July 20, 1995, the Employer submitted WC-3 forms ("WC-3 Forms") for the 1985 and 1987 injuries, and marked the box designating the forms as "FINAL REPORT[S]." The WC-3 Forms both stated: "Case closed per DLIR Decision dated 1/28/92 and Labor Appeals Decision dated 10/30/92."

Despite marking the box for "Reopening of old claim" on the WC-5 Forms, Kuaimoku disavowed any intention to reopen her old claims at the initial hearing. Kuaimoku explained that she sought only a reinstatement of her medical care and treatment, and argued that the statute of limitations that applied to reopening an old claim, therefore, did not apply. On September 30, 2008, the Division, on behalf of the Director of the Department of Labor and Industrial Relations ("Director"), entered a decision ("Decision") denying Kuaimoku's claim, finding that, since no medical reports relating to the 1985 and 1987 injuries had been received since 1995,[2] "it is safe to assume that reasonable and necessary care had terminated[,]" and that "[t]o resume medical care again at this late date cannot be allowed, as we cannot determine the relation of the current care to the industrial injury." Therefore, the Director concluded that, based on Hawaii Revised Statutes ("HRS") § 386-89(c), Kuaimoku was not entitled to further medical expense reimbursement[3] because no payments had been made on the claim within the past eight years.

On October 8, 2008, Kuaimoku filed an appeal from the Decision with the Board. On July 27, 2011, the Board issued its Decision and Order, affirming the Decision. The Board concluded that HRS § 386-89(c) applies to applications for all compensation[4] including medical benefits, and that "[o]nce eight

---

[2] Kuaimoku does not challenge this finding on appeal. "Findings of fact that are unchallenged on appeal are the operative facts of a case." *Cun-Lara v. State*, 126 Hawaiʻi 541, 544 n.5, 273 P.3d 1227, 1230 n.5 (App. 2012) (quoting *Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 91 Hawaiʻi 224, 239, 982 P.2d 853, 868 (1999), *superseded by statute on other grounds*).

[3] Kuaimoku claimed to be seeking "reinstatement of her medical care and treatment," and the Director concluded that she was not entitled to "further medical care." The Director could neither to allow nor disallow "further medical care" itself, as evidenced by Kuaimoku's testimony that she had obtained post-1995 claim related medical care for which she had not sought reimbursement. Rather, the Director could allow or disallow medical expense payment or reimbursement for further medical care that Kuaimoku might obtain. As there appears to be no confusion among the parties as to the meaning of the statements, we characterize the effect of the Decision as denying further claim-related "medical expense reimbursement."

[4] HRS § 386-1 provides, in relevant part: "'Compensation' means all benefits accorded by this chapter to an employee . . . on account of a work injury as defined in this section; it includes *medical and rehabilitation*
(continued...)

years passes from the date of the last payment of compensation, the claim is final for all purposes and is not subject to review by the Director." Kuaimoku appeals from the Decision and Order.

On appeal, Kuaimoku asserts that the Board reversibly erred by: (1) concluding that *Chung v. Food Pantry*, 2 Haw. App. 136, 627 P.2d 288 (1981), did not apply to the instant case; (2) concluding that HRS § 386-89(c) applied to her request for reopening, because she "disavowed the request," did not allege a change in condition or mistake in fact, and sought continuing medical care under HRS § 386-21; (3) concluding that HRS § 386-89(c) "pertains to the determination of 'compensation,'" and that "compensation" includes medical and rehabilitation benefits; (4) applying HRS § 386-89(c) and concluding that her request was an application for reopening that was barred by the eight-year statute of limitations; (5) concluding that HRS § 386-89(c) applies to applications for reopening for all compensation, including reasonable and necessary medical care under HRS § 386-21; (6) concluding that she was not entitled to, and the Employer not liable for, medical care, services and supplies beyond 1995 for injuries sustained in 1985 and 1987; and (7) affirming the "Director's decision of February 26, 2009[.]"[5]/

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Board's Decision and Order and resolve Kuaimoku's points of error as follows.

---

[4]/ (...continued)
*benefits*, income and indemnity benefits in cases of disability or death, and the allowance for funeral and burial expenses." HAW. REV. STAT. § 386-1 (1993) (emphasis added).

[5]/ Kuaimoku fails to explain or argue the final point raised. It appears to stem from the text of the Decision and Order, which states that "[t]he decisions of the Director dated February 26, 2009, are hereby affirmed." The Decision and Order, however, states earlier that Kuaimoku's appeal was taken "from the September 30, 2008 decision of the Director," and notes that the issues to be determined were set out in a Pretrial Order dated February 26, 2009. We assume, therefore, that the Board intended to affirm the Director's September 30, 2008 Decision, and that Kuaimoku intended to challenge that decision on appeal and not any decisions reflected in the Pretrial Order.

Kuaimoku's appeal centers around her contention that the Board erred in applying the eight-year statute of limitations in HRS § 386-89(c)[6] to her claim for additional medical benefits, which she claims should instead be governed by HRS § 386-21.[7] Kuaimoku does not contest the proposition that her claim would be untimely if governed by HRS § 386-89(c). Rather, she argues that the subsection is not implicated because she "disavowed the request" to reopen and because she presented no "change in or mistake of fact." Essentially, Kuaimoku contends

---

[6]     HRS § 386-89 provides, in relevant part:

> §386-89  Reopening of cases; continuing jurisdiction of director.  (a) In the absence of an appeal and within twenty days after a copy of the decision has been sent to each party, the director of labor and industrial relations may upon the director's own motion or upon the application of any party reopen a case to permit the introduction of newly discovered evidence, and may render a revised decision.
>
>      (b)  The director may at any time, either of the director's own motion or upon the application of any party, reopen any case on the ground that fraud has been practiced on the director or on any party and render such decision as is proper under the circumstances.
>
>      (c)  On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may, at any time prior to eight years after date of the last payment of compensation . . . review a compensation case and issue a decision which may award, terminate, continue, reinstate, increase, or decrease compensation. . . .

HAW. REV. STAT. § 386-89 (1993).

[7]     HRS § 386-21 provides, in relevant part:

> §386-21  Medical care, services, and supplies.  (a) Immediately after a work injury sustained by an employee and so long as reasonably needed the employer shall furnish to the employee all medical care, services, and supplies as the nature of the injury requires.  The liability for the medical care, services, and supplies shall be subject to the deductible under section 386-100.
>
>      (b)  Whenever medical care is needed, the injured employee may select any physician or surgeon who is practicing on the island where the injury was incurred to render medical care. . . .
>
>      (c)  The liability of the employer for medical care, services, and supplies shall be limited to the charges computed as set forth in this section. . . .

HAW. REV. STAT. § 386-21 (Supp. 2013).

4

that her claim for medical expense reimbursement is not a claim to reopen the case under HRS § 386-89(c) because she does not seek compensation, and that employers have unlimited liability for continuing medical treatment under HRS chapter 386. We disagree.

We begin by observing that courts construing statutory enactments similar to HRS § 386-21 have concluded that employers may have open-ended liability for medical treatment. *Foote v. O'Neill Packing*, 632 N.W.2d 313, 321 (Neb. 2001) (providing citation to other jurisdictions holding similarly); *Barnes v. Workers' Comp. Appeals Bd.*, 2 P.3d 1180, 1185 (Cal. 2000); *Grover v. Indus. Comm'n of Colorado*, 759 P.2d 705, 711 (Colo. 1988). This construction, in fact, is consistent with our policy to liberally construe workers' compensation legislation. *First Ins. Co. of Hawaii v. A&B Properties*, 126 Hawaiʻi 406, 417, 271 P.3d 1165, 1176 (2012) (citing *Evanson v. Univ. of Hawaiʻi*, 52 Haw. 595, 600, 483 P.2d 187, 191 (1971)). That, however, does not end the analysis.

Hawaiʻi law requires that the claimant's medical treatment be "reasonably needed . . . as the nature of the injury requires." HAW. REV. STAT. § 386-21(a). Therefore, an award of future treatment as part of the original claim cannot be affirmed without evidence in the record supporting a determination that future treatment will be "reasonably needed" to relieve the claimant from the effects of the work injury. *See, e.g., Barnes*, 2 P.3d at 1185 (requiring substantial evidence to support a determination that future treatment will be reasonably necessary); *Grover*, 759 P.2d at 711-12; *Foote*, 632 N.W.2d at 321.

Construing workers' compensation laws *in pari materia*, HRS § 386-89(c)'s eight-year statute of limitations provides a procedure for injured workers if no present need for treatment at the time of the original claim exists, but later arises. *See Perkins v. Puna Plantation Hawaii, Ltd.*, No. 12-0000563, 2013 WL 5019431 at *3 (Haw. Ct. App. Sept. 13, 2013) (construing HRS §§ 386-21(a) and 386-89(c) *in pari materia* and concluding that HRS § 386-89(c) applies); *Bocalbos v. Kapiolani Med. Ctr. for Women & Children*, 93 Hawaiʻi 116, 130-32, 997 P.2d 42, 56-58

(2000) (concluding that an employer is required to provide compensation for all medical treatment required if the treatment is "necessitated by the nature of the injury").

Kuaimoku received notice of her last payment of compensation when the Employer submitted the WC-3 Forms for the 1985 and 1987 injuries on July 20, 1995. The WC-3 Forms each stated that the cases were closed. At the hearing before the Board, Kuaimoku testified to receiving claim-related medical treatment sometime after 2004, and paying for those expenses herself.

Kuaimoku did not file the WC-5 Forms until more than eleven years later. Despite Kuaimoku's assertion that she submitted the WC-5 Forms in error and subsequently "disavowed" them, that does not affect HRS § 386-89(c)'s applicability to Kuaimoku's situation, or her failure to meet the statute's requirements in order to continue or reinstate compensation. *Cf. McLaren v. Paradise Inn Hawaiʻi LLC*, 132 Hawaiʻi 320, 329-31, 321 P.3d 671, 680-82 (2014) (noting that HRS § 386-89 does not specify a format for an application to reopen a case, and holding that an attorney's letters objecting to the Director's decision and requesting a hearing amounted to an application to reopen the case to permit the introduction of newly discovered evidence).

Kuaimoku argues that *Chung v. Food Pantry*, 2 Haw. App. 136, 627 P.2d 288 (1981) supports her contention that reopening a workers' compensation case is not necessary if the claimant is applying for continuing medical care only. In *Chung*, this court, in a per curiam decision, held that the then-applicable two-year statute of limitations under Revised Laws of Hawaii ("RLH") § 97-52 (1955), the predecessor to HRS § 386-82, was inapplicable to the employee's claim under RLH § 97-53 (1955), the predecessor to HRS § 386-83, which specifically provided that the statute of limitations in RLH § 97-52 did not apply "[i]f payments of income and indemnity benefits have been made by the employer or his insurance carrier." *Id.* at 138, 627 P.2d at 290. Despite the fact that Chung sought a disfigurement award for residual scarring resulting from his injury fifteen years earlier, and that the employer had previously paid no benefits for

disfigurement, we characterized the application as not involving a change in fact or a mistake in a determination of fact relating to the claimant's physical condition because the employer had paid for medical services, surgical services, and hospital services. *Id.* at 138, 627 P.2d at 290-91.

Irrespective of Kuaimoku's disavowal of her request to reopen, she had to submit a request of some sort for approval by the Division to pay newly-incurred medical expenses, and she had to do so within the context of the cases having been closed in 1995. As such, and in light of HRS § 386-21(a)'s requirement that medical treatment must be "reasonably needed . . . as the nature of the injury requires," it was reasonable for the Division to consider whether the request was timely and whether, in light of the passage of almost twenty-one years since the first injury, the request provided a sufficient basis upon which to determine its relation to the original injuries. We conclude, as we did in *Perkins*, that HRS § 386-89(c), including its eight-year statute of limitations, applies where no present need for treatment exists, but later arises. *See* 2013 WL 5019431, at *3.

Kuaimoku further argues that HRS § 386-89(c) is inapplicable because the Board was "arbitrary and capricious in disavowing its own recent precedent" regarding HRS § 386-89(c)'s inapplicability to medical care. Most recently, however, in *Yamaguchi v. City & Cnty. of Honolulu*, AB 2005-094 (Haw. LIR App. Bd. Jan. 6, 2009), the Board held that HRS § 386-89(c) "applies to applications for reopening for all compensation, including medical benefits. To the extent that the Board's prior decisions may be inconsistent with this conclusion, those decisions are overruled." *Id.* at *2 (footnote omitted). The Board added that HRS § 386-89(c) "establishes an outer limit for an employer's liability for compensation, including reasonable and necessary medical care under HRS § 386-21." *Id.* at *2, n.3.

"[W]here an administrative agency is charged with the responsibility of carrying out the mandate of a statute which contains words of broad and indefinite meaning, courts accord persuasive weight to administrative construction and follow the same, unless the construction is palpably erroneous." *Treloar v.*

*Swinerton & Walberg Co.*, 65 Haw. 415, 424, 653 P.2d 420, 426 (1982) (quoting *Waikiki Resort Hotel v. City & Cnty. of Honolulu,* 63 Haw. 222, 242-43, 624 P.2d 1353, 1368 (1981)). "[A] presumption of validity is accorded to decisions of administrative bodies acting within their sphere of expertise and one seeking to upset the order bears the heavy burden of making a convincing showing that it is invalid because it is unjust and unreasonable in its consequences." *Tam v. Kaiser Permanente*, 94 Hawai'i 487, 490, 17 P.3d 219, 222 (2001) (citing *In re Gray Line Hawai'i, Ltd.,* 93 Hawai'i 45, 53, 995 P.2d 776, 784 (2000)).

While the liberal construction of our workers' compensation law is fundamental to our analysis in this area, we observe no basis upon which the principle permits us to ignore a legislatively-enacted statute of limitations. Turning to the legislative history of HRS § 386-89(c) itself, we can discern how the legislature intended the statutory time limitation to function within the workers' compensation framework.[8/]

Policies regarding the efficiency and accuracy of the workers' compensation system, and the ability of insurance carriers to calculate adequate policy premiums, form the foundation for the creation of time limitations on reopening worker's compensation claims.

> [T]he administrative and practical difficulties of such a course have led to severe limitations on the power to reopen and alter awards. The most serious administrative problem lies in the necessity of preserving the full case records of all claimants that have ever received any kind of award, against the possibility of a future reopening. Moreover, any attempt to reopen a case based on an injury ten or fifteen years old must necessarily encounter awkward problems of proof, because of the long delay and the difficulty of determining the relationship between some ancient injury and a present aggravated disability. Another argument is that insurance carriers would never know what kind of future liabilities they might incur, and would have difficulty in computing appropriate reserves.

8 Arthur Larson & Lex K. Larson, *Larson's Worker's Compensation*

---

[8/]    "An agency's interpretation of a statute is palpably erroneous when it is inconsistent with the legislative intent underlying the statute. In construing an ambiguous statute, this court may resort to extrinsic aids in determining legislative intent, one of which is legislative history." *Gillan v. Gov't Employees Ins. Co.,* 119 Hawai'i 109, 119, 194 P.3d 1071, 1081 (2008) (citation omitted) (quoting *Hawaii Home Infusion Assoc. v. Befitel,* 114 Hawai'i 87, 91, 157 P.3d 526, 530 (2007)) (internal quotation marks omitted).

*Law* § 131.01 (2013) (footnotes omitted).

We observe these policies in the legislative history of HRS § 386-89(c)'s time limitation. The Territorial legislature first added a time limit on reopening workers' compensation claims in 1939, amending RLH § 7517 to allow review of any agreement or award "at any time within seven years after the date of the injury or accident or within three years after the date of final payment of compensation previously awarded, whichever period is longer[.]" 1939 Haw. Sess. Laws Act 206, § 3 at 306. The House Judiciary Committee explained its reasons for the addition in Standing Committee Report No. 396:

> In computing premiums on compensation policies, it is necessary that some rule should obtain under which the premiums may be more or less definitively fixed, and your Committee believes that while an award should be subject to reopening at any time for fraud, nevertheless, where it is sought by either party to reopen it because of changed conditions, there should be a limitation of seven years from the date of the injury or accident or three years from the date of the last payment of compensation whichever period is the longer, and your Committee has therefore amended the second paragraph of section 7517, as contained in section 3 of the Bill, accordingly.

H. Stand. Comm. Rep. No. 396, in 1939 House Journal, at 1340. The Committee's emphasis on the computation of premiums reveals the legislature's motivation in amending the statute to address the expense incurred by employers in purchasing the policies.

The provision was subsequently amended in 1953 and 1955. 1953 Haw. Sess. Laws Act 51, § 1 at 167; 1955 Haw. Sess. Laws Act 5, § 1 at 4. When the legislature last amended Section 386-89(c)'s time limitation in 1985, it reduced the period from ten years after the date of final payment to eight years after the date of final payment. 1985 Haw. Sess. Laws Act 296, § 9 at 646. The House Committee on Employment Opportunities and Labor Relations and the House Committee on Consumer Protection and Commerce made clear in Standing Committee Report No. 326 that the amendments were intended to improve the efficiency of the workers' compensation system:

> The purpose of Section 11 of this Bill is to amend the provisions of section 386-89(c) to reduce the ten-year time limit for reopening applications to an eight-year time limit for reopening requests.

> Your Committees believe that a shorter timeframe
> furthers the timely and expeditious disposition of cases
> within the Department of Labor and Industrial Relations.

H. Stand. Comm. Rep. No. 326, in 1985 House Journal, at 1130. Furthermore, the Senate Committee on Labor and Employment stated that the bill's purpose was to make the workers' compensation system "both effective and efficient" while the Senate Ways and Means Committee stated that provisions of the bill aimed at "reduc[ing] the total cost of the workers' compensation program." S. Stand. Comm. Rep. No. 806, in 1985 Senate Journal, at 1230; S. Stand. Comm. Rep. No. 853, in 1985 Senate Journal, at 1256. Considering the legislative history of the time limitation in HRS § 386-89(c), and applying the presumption of validity to the agency's construction of its statute, *Gillan*, 119 Hawaiʻi at 114, 194 P.3d at 1076, we conclude that interpreting HRS chapter 386 to provide employers with open-ended liability for new claims for medical treatment, no matter how long after the original claim has been closed, is inappropriate. Thus, the Board did not err in its construction of the statute.

Kuaimoku contends that HRS § 386-21 is part of a detailed framework that determines a claimant's entitlement to medical care, services, and supplies, and lists a number of workers' compensation administrative regulations that determine the frequency and duration of medical care. Kuaimoku also argues that the legislative history of HRS § 386-21 "compel[s] employers to provide injured employees . . . unlimited medical care." We disagree. There is no evidence that the Employer failed to comply with the regulations prior to closing Kuaimoku's case. Moreover, the legislative history cited by Kuaimoku recognizes the Director's ability and discretion to determine appropriate treatment and limit employers' liability.

As we did in *Perkins*, we construe HRS §§ 386-21 and 386-89(c) *in pari materia* and conclude that HRS § 386-89(c) applies to claims for medical benefits. Accordingly, the Board did not err in applying HRS § 386-89(c) and concluding that Kuaimoku did not satisfy its eight-year time requirement.

Therefore,

IT IS HEREBY ORDERED THAT the July 27, 2011 Decision and Order of the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawai'i, June 27, 2014.

On the briefs:

Lowell K.Y. Chun-Hoon
(Tatjana Johnson, with him
on the reply brief)
(King, Nakamura & Chun-Hoon)
for Claimant-Appellant.

Robert T. Nakatsuji,
Deputy Solicitor General,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge